**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4707**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KELLY SHADROME ANDERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:17-cr-00195-H-1)

Submitted:  May 31, 2019                               Decided:  June 21, 2019

Before MOTZ, FLOYD, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant.   Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Melissa Belle Kessler, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelly Shadrome Anderson was convicted by a jury of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). On appeal, Anderson challenges the sufficiency of the evidence supporting his conviction. We affirm.

A defendant challenging the sufficiency of the evidence to support his conviction bears "a heavy burden." *United States v. McLean*, 715 F.3d 129, 137 (4th Cir. 2013). We will sustain a jury's verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942); *see United States v. Savage*, 885 F.3d 212, 219 (4th Cir.), *cert. denied*, 139 S. Ct. 238 (2018). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Savage*, 885 F.3d at 219. Furthermore, "the jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." *McLean*, 715 F.3d at 137. "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *United States v. Ashley*, 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted).

Because Anderson did not seek a judgment of acquittal, our review is for plain error. *United States v. Wallace*, 515 F.3d 327, 331-32 (4th Cir. 2008). Under this standard of review, we must find (1) an error; (2) that is clear or obvious; and (3) that affects "substantial rights." *United States v. Olano*, 507 U.S. 725, 732-34 (1993). Even if these criteria are met, we will not disturb the judgment unless the error "seriously

affects the fairness, integrity, or public reputation of the proceedings." *Wallace*, 515 F.3d at 332.

Under 18 U.S.C. § 922(g)(1), it is unlawful for any person convicted of a crime punishable by a term exceeding one year to possess a firearm. Proof of actual or exclusive possession is not necessary; constructive possession is sufficient. *United States v. Lawing*, 703 F.3d 229, 240 (4th Cir. 2012). Where, as here, the Government sought to establish constructive possession of the firearm, the Government must show that the defendant "intentionally exercised dominion and control over the firearm, or had the power and the intention to exercise dominion and control over the firearm." *United States v. Al Sabahi*, 719 F.3d 305, 312 (4th Cir. 2013). The Government can achieve this through direct or circumstantial evidence. *Id.*

Two eyewitnesses testified that they observed Anderson holding a firearm as he entered one of the eyewitnesses' homes and locked himself inside with a young child. After Anderson surrendered, police officers conducted a safety sweep of the house to ensure that no one else was present. The officers obtained the resident's consent to search the premises and found a .45 caliber handgun shoved into the corner of a couch. When a detective attempted to clear the chamber of the gun for safety, he determined that a round of ammunition was jammed in the chamber. The resident testified that the firearm did not belong to her and that she did not allow firearms in her home. The Government presented expert testimony that it was very common not to recover usable fingerprint evidence and not to be able to conclusively state that a defendant's DNA was present on a firearm. Contrary to Anderson's assertion on appeal that this conclusively

3

proves his innocence, a Government expert testified there was no way to distinguish whether the lack of a DNA match is from insufficient information or because an individual's DNA is not present.

A reasonable factfinder could conclude—based on the eyewitness testimony, the fact that no one else was in the house with Anderson other than a young child, and the fact that the firearm was found shoved behind a couch cushion—that Anderson "intentionally exercised dominion and control over" the recovered firearm. *Al Sabahi*, 719 F.3d at 312. Accordingly, we conclude that the evidence was sufficient to demonstrate that Anderson constructively possessed the firearm. We therefore affirm the judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*